PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMARADO OIL COMPANY, LTD., ) | |
| ) | CASE NO. 5:12cv627 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DEAN DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Regarding ECF No. 77] |

Pending before the Court is Plaintiff's Motion to Strike Portions of Reply Memorandum. ECF No. 77. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court denies Plaintiff's Motion to Strike.

**I.**

Plaintiff moves the Court to

> strike those portions of the Reply Memorandum where the Davis Defendants have impermissibly argued new and newly fashioned grounds for their Motion to Dismiss. These impermissible grounds are that Amarado failed to plead its count for fraud with particularity and that it failed to obtain leave of court for filing its First Amended Complaint.

ECF No. 77 at 1.

The record reveals that the Davis Defendants raised in their reply brief for the first time the newly cast argument that Plaintiff failed to plead fraud with particularity. However, the record also reveals that the Davis Defendants' fraud with particularity argument was directed at Plaintiff's "fraud in the inducement" allegation, which Plaintiff fully advanced, for the first time, in its opposition brief. Although the Amended Complaint contains language that may be

(5:12cv627)

construed as a fraud in the inducement claim, the language is ambiguous.[1] It cannot be said, therefore, that the Davis Defendants should have known that a fraud in the inducement claim was being alleged from reading the First Amended Complaint. Plaintiff's motion to strike the Davis Defendants' fraud in the inducement argument is denied.

## II.

Plaintiff also argues that the Davis Defendants, in their Reply, "presented a new argument to formally request dismissal [of the First Amended Complaint] based upon FRCP 15(a)(2)." ECF No. 77 at 5. Plaintiff admits that the Davis Defendants requested that the Court strike the First Amended Complaint in their Motion to Dismiss, in a footnote on the first page, but argue that this first request does not comply with Fed. R. Civ. Pro. 12(f). ECF No. 77 at 5. Plaintiff further maintains that it followed the Case Management Conference Order, which states that "pleadings shall be amended on or before May 6, 2013" (ECF No. 26 at 3), and that it was not necessary to obtain leave of Court or Defendants' consent before doing so. ECF No. 77 at 5.

The Court finds that the First Amended Complaint is in compliance with the Case Management Conference Order, and is, therefore, not objectionable.[2] The Court denies both parties' requests to strike (ECF Nos. 77 at 5; 47 at 1) and simply notes that the First Amended

---

[1] For example, in Count IX of the First Amended Complaint, entitled "Fraud," Plaintiff alleges that the "artifices employed to lure Amarado into a false sense of security in combination with the concealments and failures to disclose and pressures to close were done with an intent to mislead Amarado into a false sense of security that the leaseholds had marketable and acceptable titles." ECF No. 46 at 18, ¶ 99.

[2] The Case Management Order was issued by Magistrate Judge Limbert as a courtesy to the undersigned.

2

(5:12cv627)

Complaint is the operative complaint.

### III.

For the reasons stated above, the Court denies Plaintiff's Motion to Strike (ECF No. 77). The Court also denies the portion of the Davis Defendants' Motion to Dismiss requesting the Court strike the First Amended Complaint (ECF No. 47 at 1). The case will proceed pursuant to the First Amended Complaint (ECF No. 46).

IT IS SO ORDERED.

| | |
|---|---|
|  August 7, 2013 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |