PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMARADO OIL COMPANY, LTD., | ) | |
| | ) | CASE NO. 5:12cv627 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEAN DAVIS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF Nos. 73; 82] |

This matter is before the Court upon the objection to the magistrate judge's Order (ECF No. 73) filed by Plaintiff Amarado Oil Company, Ltd. ("Amarado"). ECF No. 82. Defendants responded. ECF Nos. 87; 88. For the reasons that follow, the Court overrules Amarado's objections and adopts the magistrate judge's Order in its entirety.

**I.**

Amarado commenced this action against the Davis Defendants[1], the law firm Critchfield Critchfield & Johnston, Ltd. ("CC&J") and CC&J attorney Daniel Plumly. Amarado alleges, among other things, that the Davis Defendants breached a contract for the sale of oil and gas leases, and that Plumly and CC&J, who represented the Davis Defendants in the underlying transaction, also established an attorney client relationship with Amarado. ECF No. 46 at 5, ¶21. Amarado alleges Plumly and CC&J committed legal malpractice and breached their fiduciary

---

[1] The "Davis Defendants" include the individual Dean Davis; Green Gas Company, Noble Gas, An Car Oil Company, *aka* An Car Wells, S&D Producing and Davis Frac Tank & Supply, each believed to be sole proprietorships of Dean Davis; and Roger Proper, Jr., Trustee of the Dean Davis Dynasty Trust U/A. ECF No. 46 at 2, ¶¶3, 4.

(5:12cv627)

duty. ECF No. 46 at 15, 17.

Amarado notified the Court of a discovery dispute involving its request for communications between the Davis Defendants and CC&J, who both objected to disclosure on attorney-client privilege grounds. ECF No. 59 at 1-2. Amarado alleged that it was a dual client of CC&J, and that CC&J's dual representation eliminates the attorney-client privilege and renders the material "directly discoverable." ECF No. 59 at 2. The Court referred the matter to assigned Magistrate Judge George J. Limbert for resolution of the discovery dispute, and thereafter advise the Court of the status of the case. ECF No. 61.

On July 18, 2013, the magistrate judge issued an Order denying Amarado's Certification of Discovery Dispute without ruling on the merits of the dispute, "because it requires a ruling on whether an attorney-client relationship existed between Plaintiff and Defendant Critchfield Critchfield & Johnston, Ltd., which is a key issue in the merits of this case as it goes to the essence of many of Plaintiff's causes of action against Defendant Critchfield Critchfield & Johnston, Ltd." ECF No. 73 at 11. Amarado objects to this determination. ECF No. 82.

**II.**

When a party objects to a magistrate judge's nondispositive pretrial order, the district court may only reverse the magistrate judge's decision if it is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Chesher v. Allen*, 122 Fed. Appx. 184, at *2 (6th Cir. 2005); *Freudeman v. Landing of Canton*, 2010 WL 2836764, at *1 (N.D.Ohio July 19, 2010).

2

(5:12cv627)

### III.

Beyond disagreeing with the magistrate judge's determination, Amarado does not point to the specific portion of the Order it objects to, as required by Local Rule 72.3(a). Nor does it argue that the Order is clearly erroneous or contrary to law. Instead, Amarado simply asserts that its case is "unique" and expresses its frustration with the attorney-client privilege doctrine. *See* ECF No. 82 at 2-3. Amarado has not advanced a cognizable argument as to why its case is unique, and its vexation with its inability to obtain privileged material is not grounds for overturning that privilege.

To the extent Amarado objects to the Order because Amarado intends to assert arguments in the future that Davis waived the attorney-client privilege and that the "crime-fraud" exception applies, *see* ECF No. 82 at 4-7, these arguments were not presented to the magistrate judge and are deemed waived.[2] *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[w]hile the Magistrate Judge Act [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court review stage new arguments or issues that were not presented to the magistrate [judge]," citing 28 U.S.C.A. 631 *et seq.*).

### IV.

For the aforementioned reasons, the Court overrules Amarado's objections and adopts the magistrate judge's Order (ECF No. 73) in its entirety. Accordingly, an agenda item for the

---

[2] Despite its new assertions that the attorney-client and work product privilege were waived, *see* ECF No. 82 at 4, Amarado previously argued to the magistrate judge that "it is not asking for this Court to overturn attorney client privilege." ECF No. 72 at 1.

3

(5:12cv627)

upcoming telephonic status conference will be how to proceed in this case.

      IT IS SO ORDERED.

| | |
|---|---|
|  August 30, 2013  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson |
| | United States District Judge |